NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0677n.06
Filed: September 8, 2006

No. 04-3396

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **KANG EN LOK**, | ) | |
| | ) | ON REVIEW FROM THE |
| *Petitioner*, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| v. | ) | |
| | ) | |
| **ALBERTO GONZALES, Attorney General**, | ) | |
| | ) | |
| *Respondent*. | ) | |

**BEFORE:**   **NORRIS, COLE, and COOK, Circuit Judges.**

**R. GUY COLE, JR., Circuit Judge**. Petitioner Kang En Lok petitions this Court for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of Lok's application for asylum pursuant to Section 208 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1158, his application for withholding of removal pursuant to Section 241(b)(3) of the INA, codified at 8 U.S.C. § 1231(b)(3)(A), and his request for withholding of removal pursuant to the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16. Lok argues that the BIA erred in holding that his application for asylum was untimely and in adopting the IJ's findings that he did not establish either past persecution or a well-founded fear of, or probable, future persecution. For the following reasons, we **AFFIRM** the decision of the BIA and **DENY** the petition for review.

## I. Background

Lok is a native and citizen of Malaysia. Lok entered the United States on September 11, 1998, on a non-immigrant tourist visa with authorization to remain in the United States until March 10, 1999. On June 20, 2002, Lok filed an application for asylum under § 208(c) of the INA, withholding of removal under § 241(b)(3) of the INA, and for relief under the CAT. On October 23, 2002, the Immigration and Naturalization Service ("INS") (now the United States Department of Homeland Security), instituted removal proceedings against Lok and served him with a "Notice to Appear" in the immigration court on October 22, 2002. Lok was charged as being removeable under § 237(a)(1)(B) of the INA for overstaying his visa.

On November 26, 2002, Lok appeared pro se in the immigration court, but indicated that he was represented by counsel who was not present. Lok admitted the allegations set forth in the Notice to Appear, and the court found Lok removable and designated Malaysia as the country of removal. The immigration court set a hearing on Lok's applications for asylum, withholding of removal, and for relief under the CAT, for February 7, 2003.

At the hearing, and with counsel present, Lok testified that he is a Christian who was born and raised in Malaysia, a predominantly Muslim country. He testified that on August 20, 1998, he was arrested by the police for his participation in a rally for human rights — specifically, the rally was in support of Malaysia's vice prime minister and against its prime minister — and jailed for three days. Lok claimed that, during his three-day incarceration, the police beat him and did not allow him to sleep. He claims that after he signed a document indicating that he was opposed to the government, he was allowed to leave with the warning that the police would "call [him] back." Lok

testified that shortly after his release from incarceration, the police searched his house. Lok claims that these events led him to obtain a non-immigrant tourist visa on August 28, 1998, and begin his trip to the United States. Lok also testified that the church he attended in Malaysia was burned by Muslims prior to his departure from Malaysia. He further testified that he learned from his parents, after he left Malaysia, that the police were looking for him. However, in response to a question by the IJ, Lok testified that nothing else, other than these three incidents — the incarceration, search of his house, and church fire — occurred in Malaysia to cause him to seek asylum in the United States.

When asked the reasons for his delay of nearly four years in filing his application for asylum, Lok testified that he waited to see if the conditions in Malaysia would improve, and whether the prime minister, whom he opposed on human rights grounds, would resign. Lok admitted that he frequently traveled in and out of Malaysia to visit Thailand prior to leaving Malaysia for the United States, and that he did not seek asylum in Thailand. Lok admitted that he was never detained by the Malaysian government and was freely allowed ingress and egress. He claims, however, that he had to bribe a Malaysian official to allow him to leave for the United States.

After the hearing, the IJ denied Lok's application for asylum, finding that the petition was untimely because Lok failed to file his petition within the one-year time period from September 11, 1998, for filing. The IJ also found that Lok's untimely filing was not excused by extraordinary circumstances or changed country conditions. The IJ also found that Lok had failed to show that he was eligible for withholding of removal under the INA and the CAT.

The IJ's ruling centered on his determination that Lok was not credible. Specifically, the IJ determined that changed country conditions do not exist to excuse Lok's late filing of his asylum

petition because the conditions in Malaysia at the time of Lok's departure were the same conditions currently in the country. Further, Lok's alleged experiences "would prima facie establish [] eligibility for asylum," at the time he entered the United States, so Lok's dilatory filing was not excused. Stated otherwise, the IJ determined that if the conditions as Lok alleged them existed when he departed Malaysia, those alone would suffice to support an application for asylum, thus, any delay past the one-year filing requirement was inexcusable.

In determining that Lok was not credible, the IJ stated that Lok "was less than forthcoming on cross-examination," and found that neither Lok's application nor evidence — beyond Lok's testimony — mentioned a fire at his church or the payment of a bribe to leave Malaysia. The IJ further found that Lok, despite residing in the United States for nearly four years before filing his application, did not come forward with any evidence of his church membership or corroboration, such as a letter or affidavit from family or others in Malaysia, for his claim. Reviewing Lok's CAT claim, the IJ found that Lok could not corroborate that he was mistreated while incarcerated in Malaysia, nor did he demonstrate that it was more likely than not that he would be tortured if he returned to Malaysia. In short, the IJ determined that Lok came "forward with a claim that is utterly uncorroborated. He submits a plethora of background material but presents no evidence beyond his own general, meager, and unspecific testimony as to what happened to him in Malaysia."

Lok filed a timely appeal to the BIA. The BIA affirmed the IJ's adverse credibility finding and his conclusion that Lok's asylum application was untimely. Finally, the BIA determined that Lok's asserted belief that he would suffer future harm in Malaysia was speculative, and that his claim

was "not supported by credible testimony" and there were "apparent embellishments" in his

testimony, "unsupported by corroborative evidence."

Lok filed a timely petition for review in this Court.

## II. Application for Asylum: Timeliness and Jurisdiction

Section 208(a)(2) of the INA, 8 U.S.C. § 1158(a)(2)(B), requires that an alien seeking asylum

file his application within one year of entry into the United States. An untimely application may be

considered only if the applicant can demonstrate by clear and convincing evidence that there are

changed country circumstances materially affecting his eligibility for asylum or extraordinary

circumstances that justify his delay in filing. 8 U.S.C. § 1158(a)(2)(D).

The BIA adopted the finding of the IJ that Lok's asylum application was untimely and that

he failed to demonstrate the required excuse for his late filing. As this Court has held previously,

we lack jurisdiction to review a decision by the BIA that an asylum application is untimely. *See*

*Castellano-Chacon v. INS*, 341 F.3d 533, 533 (6th Cir. 2003) ("[W]e are barred from reviewing the

BIA's decision denying [Petitioner's] application on the basis that it was untimely" because the INA

states that "'[n]o court shall have jurisdiction to review any determination fo the Attorney General

under paragraph (2).'" (quoting 8 U.S.C. § 1158(a)(3)).). This jurisdictional bar includes any

determination regarding the applicability of exceptions to the one-year filing requirement. 8 U.S.C.

§ 1158. *See also Almuhtaseb v. Gonzales*, 453 F.3d 743, --- (6th Cir. 2006) (We "do not have

jurisdiction to review [Petitioner's] appeal of the denial of asylum because her claim before the BIA

and this court is based on her assertion that the IJ incorrectly applied the 'changed circumstances'

provision." Further, "the existence of 'changed circumstances' that materially affect eligibility for

asylum is a predominantly factual determination, which will invariably turn on the facts of a given case," and, therefore, we are without jurisdiction to review these findings. (Quotations omitted).).

Lok's application for asylum was denied because he filed it after the one-year time allotment for filing had elapsed, and because the BIA made the factual determination that his late filing should not be excused. Therefore, we are without jurisdiction to review the denial of Lok's asylum application as untimely. Even if we had jurisdiction, we would find that the IJ and the BIA did not err in their factual determinations for the reasons discussed below.

### III. Withholding of Removal and CAT: Lok's Credibility

In this case, the BIA adopted the IJ's findings regarding Lok's eligibility for withholding of removal and CAT relief. Therefore, we review the IJ's decision directly. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003).

When an alien seeks withholding of removal, he must demonstrate "that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (quoting *Pilicia v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004)). *See also* 8 U.S.C. § 1231(b)(3)(A) (requiring an alien to show that he would be subject to persecution upon return to his country on account of his "race, religion, nationality, membership in a particular social group, or political opinion"). To be eligible for CAT relief, an alien must show that it is "more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

Lok's applications for withholding of removal and CAT protection are based on his single incarceration in Malaysia; the subsequent search of his house; the burning of a church; and his

contention that Christians, as a group, are subject to Malaysia's Internal Security Act ("ISA");[1] and

Sharia.[2] The IJ determined that Lok's testimony regarding his fear of future persecution and the

likelihood that he would be tortured if he returned to Malaysia was not credible and that Lok's claim

"simply fails of proof." The IJ acknowledged that "[t]here is some evidence to suggest that the

security forces in Malaysia may violate the rights of prisoners in custody," but determined that this

evidence was general and did not satisfy Lok's burden of proof. We review a credibility

determination by an IJ under the substantial evidence standard. *Sylla v. INS*, 388 F.3d 924, 925 (6th

Cir. 2004). A factual determination is "conclusive unless any reasonable adjudicator would be

compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B), *accord Ali v. Reno*, 237 F.3d

591, 596 (6th Cir. 2001). We are not to reverse the IJ or BIA merely because we would rule

differently. *Klawitter v. INS*, 970 F.2d 149, 151–52 (6th Cir. 1992). In order for us to reverse factual

determinations, we must find "that the evidence not only supports a contrary conclusion, but indeed

*compels* it." *Id*. at 152 (citing *INS v. Elias-Zacarias*, 502 U.S. 478 (1992)). Finally, we must uphold

the IJ's determination that CAT relief is unwarranted unless it is "manifestly contrary to the law."

*Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001).

The IJ found that Lok was not credible because of: 1) discrepancies between his applications

and testimony; 2) the fact that Lok freely traveled in and out of Malaysia during a time he claims to

have feared arrest by Malaysian authorities; and 3) the lack of corroboration of Lok's treatment while

---

[1] The ISA a law which allows government authorities to jail persons at any time and provides for trial without representation.

[2] Sharia is a code of strict Islamic laws.

incarcerated, his participation in a demonstration, his membership in a church, and an alleged arson

at that church. The IJ found — a finding that was supported by Lok's own testimony — that

Christians as a group were not subject to the ISA. The IJ also found that Christians are not barred

from practicing their religion in Malaysia because the United States Department of State's 2002

Religious Freedom Report on Malaysia shows that Sharia is not applied to Christians. Finally, the

IJ found that, contrary to Lok's belief, Malaysia was "a friend" to the United States following the

attacks on September 11, 2001, and had cracked down on internal Islamic extremism.

In finding that Lok's claim "fails of proof," the IJ stated he was not presented with evidence

of what Lok's:

> activities in Malaysia [were] before he left; and the Court does not know if the
> respondent was part of a political party that opposed [the government], or whether
> he was a leader in a group that formed a demonstration, and whether he was active
> as a political activist in Malaysia. Indeed, the Court does not even know where this
> demonstration took place, how many other people were arrested with the respondent,
> what happened to any of them, whether any of them had gone on trial, whether he
> was singled out for some reason, whether there was a huge demonstration and he had
> the bad luck not to escape, or any other facts relevant to the claim.

Finally, in determining that Lok was ineligible for CAT relief, the IJ determined that Lok had

not provided any evidence that it was more likely than not that he would be tortured upon return to

Malaysia for lack of credibility and failure of proof reasons.

Short of showing that the evidence *compels* a contrary result, Lok merely comes forward with

self-serving conclusory statements of disagreement with the IJ, and unsupported evidence about

conditions generally in Malaysia, rather than about any persecution that he would suffer upon his

return. While Lok takes issue with the IJ's credibility and factual determinations, the evidence does

not support a determination that any reasonable adjudicator would come to a contrary conclusion nor that the IJ's or BIA's decisions denying relief under the CAT were manifestly contrary to the law.

## IV.  Conclusion

For the foregoing reasons, we **AFFIRM** the decision of the BIA and **DENY** Lok's petition for review.